IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROBB,<br><br>                Petitioner,<br><br>         vs.<br><br>D. K. SISTO, Warden, California State Prison, Solano,<br><br>                Respondent. | No. 2:09-cv-00402-JKS<br><br>ORDER |

John Robb, a state prisoner appearing *pro se*, filed a Petition for Habeas Corpus Relief Under 28 U.S.C. § 2254.  Robb is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the California State Prison, Solano.  In his Petition, Robb challenges the February 1, 2006, decision of the California Board of Parole Hearings ("Board") denying him parole for a period of one year.  Respondent has answered, and Robb has replied.

After briefing was completed in this Court, the Court of Appeals for the Ninth Circuit rendered its decision in *Hayward v.Marshall*.[1]  In *Hayward*, the Ninth Circuit held that, to the extent that a California prisoner has a liberty interest protected by the Due Process Clause, that interest was created by California state law.[2]  *Hayward* instructed this Court that it  "need only

---

[1] 603 F.3d 546 (9th Cir. 2010) (en banc).

[2] *See Pearson v. Muntz*, 606 F.3d 606, 611 (9th Cir. 2010) (interpreting *Hayward*, 603 F.3d at 561-63).

decide whether the California judicial decision approving the [Board's] decision rejecting parole was an 'unreasonable application' of the California 'some evidence' requirement, or 'was based on an unreasonable determination of the facts in light of the evidence.'"[3]  Consequently, under the holding in *Hayward*, this Court may grant habeas relief if it concludes that the state court's decision was an unreasonable application of California's "some evidence" standard.[4]  The California "some evidence" standard is embodied in the decisions of the California Supreme Court in *In re Lawrence*[5] and its companion case, *In re Shaputis*,[6] which explained and clarified the earlier decisions in *In re Rosenkrantz*[7] and *In re Dannenberg*.[8]

Because California state law creates a prisoner's liberty interest in parole, it also defines the scope and extent of that liberty interest, including the appropriate remedy if that liberty interest is violated.[9]  In *In re Prather*, the California Supreme Court held that, in the event that the Board violated a prisoner's protected liberty interest in parole, the appropriate remedy is to remand to the Board for a new parole-suitability hearing consistent with the "some evidence" requirements of California law.[10]  Thus, should this Court determine that in this case the Board violated Robb's due process protected liberty interest, as created, defined, and limited by

---

[3] *Hayward*, 603 F.3d at 563 (footnotes citing 28 U.S.C. § 2254(d) omitted).

[4] *Pearson*, 606 F.3d at 611-12; *see Pirtle v. California Bd. of Prison Terms*, 611 F.3d 1015, 1020-25 (9th Cir. 2010).

[5] 190 P.3d 535 (Cal. 2008).

[6] 190 P.3d 573 (Cal. 2008).

[7] 59 P.3d 174 (Cal. 2002).

[8] 104 P.3d 783 (Cal. 2005).

[9] *Haggard v. Curry*, --- F.3d ---, 2010 WL 4978842 at *4-*5 (9th Cir. Dec. 9, 2010).

[10] 234 P.3d 541, 553-54 (Cal. 2010).

California law, the sole remedy it may grant is a remand to the Board for a new parole-suitability hearing consistent with the requirements of due process.[11]

It appears from the record in this case it is more likely than not, that Robb has had a new parole-suitability hearing since February 2006.  In the event that Robb has received a new parole-suitability hearing, Robb may have already received the only effective relief this Court may grant. Accordingly,

**IT IS THEREFORE ORDERED THAT**, within **28 days** of the service of this Order:

1. Respondent must advise this Court of (a) the date of Robb's last parole-suitability hearing before the Board of Parole Hearings, (b) the decision made by the Board at that hearing, and (c) the current status of any proceedings in the California state courts relating to the Board's decision; and

2. If a hearing has been held, within said **28 days**, both Robb and Respondent must file briefs, *not to exceed 10 pages in length*, addressing the issue of whether Robb's Petition should be dismissed as moot.

**IT IS FURTHER ORDERED THAT**, within **21 days** of the date the brief is filed as provided in the preceding paragraph, the other party may file a reply, *not to exceed five pages in length*.

Dated:  December 17, 2010.

/s/ James K. Singleton, Jr.<br>JAMES K. SINGLETON, JR.<br>United States District Judge

---

[11] *Haggard*, 2007 WL 4978842 at *6 (citing *Prather*).