IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROBB,<br><br>    Petitioner,<br><br>  vs.<br><br>D. K. SISTO, Warden, California State Prison, Solano,<br><br>    Respondent. | No. 2:09-cv-00402-JKS<br><br>MEMORANDUM DECISION |

   John Robb, a state prisoner appearing *pro se*, filed a Petition for Habeas Corpus Relief under 28 U.S.C. § 2254.  Robb is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the California State Prison, Solano.  In his Petition, Robb challenges the February 1, 2006, decision of the California Board of Parole Hearings ("Board") denying him parole for a period of one year.  Respondent has answered, and Robb has replied.

## I.  BACKGROUND/PRIOR PROCEEDINGS

   In March 1982 Rob was convicted in the Los Angeles County Superior Court of one count of Murder in the First Degree (Cal. Penal Code § 187), with a firearm enhancement (Cal. Penal Code § 12022.5).  The trial court sentenced Robb to an aggregate, indeterminate prison term of 27 years to life.  Robb does not challenge his conviction or sentence in his Petition to this Court.

In February 2006 Robb appeared at a parole-suitability hearing before the Board.  After determining that Robb would pose an unreasonable risk of danger to society or a threat to public safety if released from prison at that time, the Board denied him parole for a period of three years.  Robb timely petitioned the Los Angeles County Superior Court for habeas corpus relief. The Los Angeles County Superior Court denied Robb's petition in an unreported, reasoned decision.  The California Court of Appeal summarily denied Robb's habeas petition to that court. Robb's petition for habeas relief was summarily denied by the California Supreme Court on October 28, 2008.  Robb timely filed his Petition in this Court on February 8, 2009.

At Docket No. 18 this Court ordered the parties to advise the Court of: (a) the date of Robb's last parole-suitability hearing before the Board; (b) the decision of the Board at that hearing; and (c) the current status of any proceedings in the California state courts related to the Board's decision.  The Court further ordered the parties to submit supplemental briefing addressing the issue of whether the Petition should be dismissed as moot.  The parties have responded.

## II.  GROUNDS RAISED/DEFENSES

In his Petition, Robb raises a single ground:  that the decision of the Board was unsupported by "some evidence."  Respondent asserts no affirmative defense.[1]

## III.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

---

[1] *See* Rules—Section 2254 Cases, Rule 5(b).

Supreme Court of the United States" at the time the state court renders its decision or "was based

on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding."[2]   The Supreme Court has explained that "clearly established Federal law" in

§ 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the

time of the relevant state-court decision."[3]   The holding must also be intended to be binding upon

the states; that is, the decision must be based upon constitutional grounds, not on the supervisory

power of the Supreme Court over federal courts.[4]   Thus, where holdings of the Supreme Court

regarding the issue presented on habeas review are lacking, "it cannot be said that the state court

'unreasonabl[y] appli[ed] clearly established Federal law.'"[5]   When a claim falls under the

"unreasonable application" prong, a state court's application of Supreme Court precedent must

be objectively unreasonable, not just incorrect or erroneous.[6]   The Supreme Court has made clear

that the objectively unreasonable standard is a substantially higher threshold than simply

believing that the state court determination was incorrect.[7]   "[A]bsent a specific constitutional

---

[2] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[3] *Williams*, 529 U.S. at 412.

[4] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[5] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, 127 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

[6] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[7] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

violation, federal habeas corpus review of [state-court] error is limited to whether the error 'so infected the [proceeding] with unfairness as to make the [result] a denial of due process.'"[8]  In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state-court criminal proceeding is whether the error had a substantial and injurious effect or influence in determining the outcome.[9]  Because state court judgments in criminal proceedings carry a presumption of finality and legality, the petitioner has the burden of showing by a preponderance of the evidence that he or she merits habeas relief.[10]

In applying this standard, this Court reviews the last reasoned decision by the state court.[11]  State appellate court decisions that affirm a lower court's opinion without explanation are presumed to have adopted the reasoning of the lower court.[12]  Under California's unique habeas procedure, a defendant who is denied habeas relief in the superior court files a new original petition for relief in the court of appeal.  If denied relief by the court of appeal, the defendant has the option of either filing a new original petition for habeas relief or a petition for review of the court of appeal's denial in the California Supreme Court.[13]  This is considered the

---

[8] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

[9] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[10] *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002); *see Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis of little more than speculation with slight support").

[11] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

[12] *Ylst*, 501 U.S. at 802-03.

[13] *See Carey v. Saffold*, 536 U.S. 214, 221-22 (2002).

4

functional equivalent of the appeal process.[14]  Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[15]  This presumption applies to state trial courts and appellate courts alike.[16]

## IV.  DISCUSSION

Although this Court directed the parties to advise the Court of any subsequent parole-suitability hearings before the Board and brief the question of mootness, the mootness question has, itself, become moot.  In the interval, the United States Supreme Court decided *Swarthout v. Cooke*.[17]  This Court must decide the case on the law as it exists at the time this Court renders its decision and, if controlling law changes while the case is pending, this Court applies the law as changed.[18]  Thus, *Cooke* forecloses Robb's arguments *vis-a-vis* California's "some evidence" rule.

Generally, when a higher court issues new controlling authority after briefing is complete, this Court requests further briefing from the parties addressing the new authority.  The Supreme Court decision in *Cooke* is so clear that further briefing would unduly prolong this case without any possibility of changing the result.  The Supreme Court has limited review to the procedures followed by the Board and the governor and defined with care what it meant by the applicable

---

[14] *Id.* at 222.

[15] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[16] *Stevenson v. Lewis*, 384 F.3d 1069, 1072 (9th Cir. 2004).

[17] 562 U.S. ---, 131 S. Ct. 859 (2011) (per curiam).

[18] *See Thorpe v. Housing Authority of City of Durham*, 393 U.S. 268, 281-82 (1969); *Lambert v. Blodgett*, 393 F.3d 943, 973 n.21 (9th Cir. 2004).

procedures.  No longer may this Court consider how the California courts applied California law. Under these circumstances, further briefing would not aid this Court in reaching a decision.

It is well-established by Supreme Court precedent that there is no constitutional or inherent right of a convicted person to be conditionally released on parole before expiration of a sentence.[19]  That a California prisoner has a liberty interest in parole protected by the procedural safeguards of the Due Process Clause of the Fourteenth Amendment is settled.[20]  Because the only federal right at issue in parole cases is procedural, the relevant inquiry is whether Robb received due process.[21]  The Constitution only requires that a prisoner be allowed an opportunity to be heard and be provided with a statement of the reasons why a parole is denied, nothing more.[22]  Robb contends that the decision of the Board was unsupported by some evidence as required by California law.[23]  "[I]t is of no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied."[24]  California prisoners are allowed to speak at their parole hearings and to contest the evidence against them, are afforded access to their records in advance, and are notified of the reasons why parole is denied.  That is all that due process requires.[25]  "'Federal

---

[19] *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).

[20] *Hayward v. Marshall*, 603 F.3d 546, 561-64 (9th Cir. 2010) (en banc), *overruled sub silentio on another point by Cooke*; *see Pearson v. Muntz*, 606 F.3d 606, 608 (9th Cir. 2010) (per curiam), *overruled sub silentio on another point by Cooke*.

[21] *Cooke*, 131 S. Ct. at 563.

[22] *Id.* at 562 (citing *Greenholtz*, 442 U.S. at 16).

[23] *See in re Lawrence*, 190 P.3d 535 (Cal. 2008); *In re Shaputis*, 190 P.3d 573 (Cal. 2008).

[24] *Cooke*, 131 S. Ct. at 563.

[25] *Id.* at 562.

6

courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension.'"[26]  Robb has failed to establish a wrong of constitutional dimension.

V.  CONCLUSION AND ORDER

Robb is not entitled to relief.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[27]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[28]

The Clerk of the Court is to enter judgment accordingly.

Dated:  April 7, 2011.

/s/ James K. Singleton, Jr.<br>JAMES K. SINGLETON, JR.<br>United States District Judge

---

[26] *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) (quoting *Smith v. Philips*, 455 U.S. 209, 221 (1982)); *see Wainwright v. Goode*, 464 U.S. 78, 86 (1983) (per curiam).

[27] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).

[28] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.